# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT JOYNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 20-cv-54-NJR |
| ) | |
| ) | |
| WEXFORD HEALTH SOURCES, INC., ) | |
| LANA NALEWAJA, DR. DAVID, ) | |
| BENERIO SANTOS, JOHN BALDWIN, ) | |
| KYM JOHNSTON, SARAH JOHNSON, ) | |
| PATTY SNEED, DEBBIE KNAUER, ) | |
| ANN LAHR, and SUSAN WALKER, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Robert Joyner, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Centralia Correctional Center ("Centralia"), brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Shawnee Correctional Center ("Shawnee") and Centralia. In the Complaint, Plaintiff alleges Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Plaintiff seeks declaratory judgment and monetary damages.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money

1

damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in the Complaint: Prior to entering IDOC custody Plaintiff suffered 6 gunshot wounds to his back, hip, and spine which required surgical repair. During the surgery, a drainage device called the "Jackson-Pratt" was left in his left kidney and was to be removed at a later date (Doc. 1, p. 6). He later developed a bladder infection while in the custody of Cook County Jail which also required surgery (*Id*. at pp. 6-7).

Upon transferring to Shawnee in 2012, Plaintiff began complaining of throat, chest, and stomach pain (Doc. 1, p. 7). Dr. David would only provide him over-the-counter medications for his chest pain. He then began bleeding from the rectum and was diagnosed with hemorrhoids by Dr. David and prescribed hemorrhoid cream (*Id*.). Although Plaintiff requested care from a specialist, Dr. David refused. Dr. David prescribed Plaintiff an iron supplement due to blood loss from his rectum. Although he continued to seek treatment from Dr. David for bleeding in his rectum and throat pain, he was only provided with throat lozenges and hemorrhoid cream (*Id*. at pp. 8-9).

On January 24, 2018, Plaintiff transferred to Centralia and began complaining about his chest, stomach, and throat pain. Dr. Santos would only give him Pepcid for his stomach but refused pain medications (Doc. 1, p. 9). He was provided a chest x-ray, but Plaintiff alleges that an x-ray will not show any obstructions, which were previously revealed in a CT scan while at Cook County Jail (*Id*.). Plaintiff continued to complain of bleeding from his rectum and throat pain. On May 4, 2018, Dr. Santos finally prescribed antibiotics for his throat pain but his throat remained swollen

when he was seen by a nurse on May 23, 2018 (*Id*. at p. 10). Dr. Santos only provided different hemorrhoid creams for his bleeding, which did not help his condition (*Id*. at pp. 11-13).

He received his medical records from the hospital where he had his previous surgery and provided a copy to Nalewaja in order that the healthcare unit would take seriously his concerns about an object inside his stomach (Doc. 1 at p. 13). Nalewaja later informed Plaintiff that Dr. Santos scheduled Plaintiff for a colonoscopy to identify the source of his bleeding.

Plaintiff also alleges that he wrote numerous grievances and emergency grievances, but they were denied by Susan Walker, Ann Lahr, Debbie Knauer, Patty Sneed, Sarah Johnson, and John Baldwin (Doc. 1, pp. 4-5, 7-8, 11-12, 14). He also sought a copy of his medical records from Kym Johnston but never received a response (*Id*. at p. 8).

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to designate a single count in this *pro se* action:

> **Count 1:** **Dr. David, Benerio Santos, Lana Nalewaja, John Baldwin, Kym Johnston, Sarah Johnson, Patty Sneed, Debbie Knauer, Ann Lahr, Susan Walker, and Wexford Health Sources, Inc. were deliberately indifferent under the Eighth Amendment to Plaintiff's complaints of pain and bleeding rectum.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

At this stage, the Court finds that Plaintiff states a viable deliberate indifference claim against Dr. David and Benerio Santos. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016); *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012); *Greeno v. Daley*, 414 F.3d 645, 655 (7th Cir. 2005).

Plaintiff fails to state a claim against John Baldwin, Sarah Johnson, Patty Sneed, Debbie Knauer, Ann Lahr, and Susan Walker. He alleges that they denied or failed to improperly investigate his grievances, but the denial or mishandling of a grievance does not amount to a constitutional violation. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."); *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007). Because Plaintiff only alleges that these individuals denied his grievances, his claim against them are **DISMISSED without prejudice**.

He also fails to state a claim against Kym Johnston and Lana Nalewaja. He alleges that Johnston did not respond to his request for a copy of his medical records. As to Nalewaja, he alleges he provided her with his surgical records and she informed him of his scheduled colonoscopy. He does not allege that either of these individuals participated in his medical care or were deliberately indifferent to his medical needs. Accordingly, they are **DISMISSED without prejudice**.

Plaintiff also fails to state a claim against Wexford. He alleges that Wexford failed to ensure that he received proper care and that they had policies and practices that restricted and denied him proper medical care. Wexford cannot be liable on the basis of *respondeat superior*, or supervisory, liability because it is not recognized under Section 1983. *Shields v. Illinois Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014) (*citing Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th

Cir. 1982)). Wexford will only be liable for deliberate indifference if an unconstitutional policy or practice of the corporation caused the constitutional deprivation. Although Plaintiff alleges that Wexford has policies and practices, he fails to point to any specific policy or practice that led to a violation of his constitutional rights. He only offers legal conclusions which are not enough. As such, Wexford is also **DISMISSED without prejudice.**

## Pending Motions

As to Plaintiff's motion for counsel (Doc. 3), Plaintiff states that he has written a number of attorneys that have declined to take his case. Given the early stage of the litigation, however, it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged.").[2] Further, counsel is not needed at this time because the defendants have not yet been served and a discovery schedule has not been entered. Thus, Plaintiff's motion for counsel (Doc. 3) is **DENIED** without prejudice. Plaintiff may renew his request for the recruitment of counsel at a later date.

## Disposition

For the reasons stated above, Count 1 shall proceed against Dr. David and Benerio Santos, but is **DISMISSED without prejudice** as to Wexford Health Sources, Inc., Lana Nalewaja, John Baldwin, Kym Johnston, Sarah Johnson, Patty Sneed, Debbie Knauer, Ann Lahr, and Susan Walker. The Clerk is **DIRECTED** to **TERMINATE** these individuals from the docket.

The Clerk of Court shall prepare for Defendants Dr. David and Benerio Santos: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of

---

[2] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a

delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 3/16/2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**